

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
November 18, 1966

Opinion No. C-777

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Re: Construction of Section
14 of Article V of House
Bill 12, Acts of the
59th Legislature, Regu-
lar Session, relating
to rate of transportation
allowance to state em-
ployees to travel in a
rented airplane.

Dear Mr. Calvert:

Your request for an opinion concerns an expense ac-
count claiming reimbursement for payment of rental of an air-
plane from the Longhorn Aero Club, Inc., for travel on official
state business. Your request states that the claimant submits
the following:

"The Longhorn Aero Club, Inc., is an organiza-
tion open to the public upon payment of an initiation
fee and certain monthly dues. No one other than
members may rent aircraft from said club; however,
members are entitled to rental at substantially lower
rates than those available from 'commercial insti-
tutions'."

Your request further states that the purpose clause
of the charter of the Longhorn Aero Club, Inc., reads as fol-
lows:

"The purposes for which the corporation is
organized are to engage in the business of pro-
viding aircraft, and all related facilities and
equipment, for the use of selected persons, and
to engage in the business of dealing generally
in airplanes and aircraft of any and all types
whatsoever as well as all related equipment and
facilities."

Subdivision b of Section 14 of Article V of the current
General Appropriations Act provides in part:

"b. An employee traveling by rented or pub-
lic conveyance, or the commercial transportation

-3728-

company furnishing same, is entitled to a transportation allowance equal to the actual cost of necessary transportation for performing official business. This allowance shall not include Federal taxes from which the employee and the State Government are legally exempt. Payment of said transportation allowance may be made by either of the following methods, upon selection by the executive head of the employing State department or agency in advance of authorized official travel:

"(1) Where the employee pays for public transportation from his personal funds, receipts for such necessary transportation, excluding receipts for city bus, taxi, or limousine fares in amounts of Two Dollars and Fifty Cents ($2.50) or less, shall be obtained and attached to the employee's expense account when submitted. Receipts as used in this provision shall be evidence that transportation was purchased.

"(2) Executive heads of State departments and agencies may request commercial transportation companies to furnish required transportation for official business to designated officials and employees of such departments and agencies upon the presentation to cooperating transportation companies of transportation requests approved by the head of the department or agency requesting such transportation. The transportation request shall specify the class of transportation authorized."

Since the employee traveled on a rented aircraft, the employee was traveling by "rented...conveyance". Such "rented ...conveyance" was furnished by a corporation engaged in the business of providing aircraft and related facilities. Therefore, such corporation constitutes a commercial company engaged in the business of providing transportation facilities. As such, it is our opinion that the Longhorn Aero Club, Inc., is a commercial transportation company within the meaning of Subdivision b of Section 14 of Article V of the current General Appropriations Act.

Since the employee was traveling by a conveyance rented from a commercial transportation company furnishing same, you are advised that the claim for rental of the aircraft from Longhorn Aero Club, Inc., constitutes a reimbursable claim by a state employee when traveling on official business.

## S U M M A R Y

A state employee who rents an aircraft for travel on official state business from a corporation organized to engage in the business of providing aircraft for the use of selected persons is traveling by a rented conveyance furnished by a commercial transportation company and is entitled to reimbursement for the actual cost of such transportation. Sec. 14(b), Art. V, H.B. 12, Acts 59th Leg., R.S., 1965.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: _____
    John Reeves
    Assistant Attorney General

JR:mh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Pat Bailey
Malcolm L. Quick
Gordon Cass
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright